———— FILED ———— LODGED
———— RECEIVED

May 21, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Magistrate Judge Brian A. Tsuchida

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NOE ZIRANDA-BARRIGA <br><br> and RAMON AGUILERA-AMBRIZ, <br><br> Defendants. | CASE NO.   3:25-mj-05208 <br><br> COMPLAINT for VIOLATION <br><br> Title 21, United States Code, <br> §§ 846, 841(a)(1), and 841(b)(1)(A) |

BEFORE, the Honorable Brian A. Tsuchida, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (*Conspiracy to Distribute a Controlled Substance*)

On or about May 18, 2025, in Mason County, within the Western District of Washington, and elsewhere, NOE ZIRANDA-BARRIGA and RAMON AGUILERA-AMBRIZ, and others known and unknown, did knowingly and intentionally conspire to distribute a controlled substance, including methamphetamine, a substance controlled under Title 21, United States Code.

Complaint - 1
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

And the complainant states that this Complaint is based on the following information:

I, Daniel Richter, being first duly sworn on oath, depose and say:

**AFFIANT BACKGROUND AND EXPERIENCE**

1.      I am a Special Agent (SA) of the Drug Enforcement Administration (DEA), currently assigned to the DEA Tacoma Resident Office (TRO) in the Seattle Field Division. I am a criminal investigator of the United States within the definition of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 and Title 18 United States Code.

2.      I have been a DEA SA since August 2021. I received formal training at the DEA Basic Agent Training in Quantico, Virginia. The four-month Basic Academy included comprehensive, formalized instruction in, among other things: basic narcotic investigations, drug identification and detection, familiarization with United States narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, and undercover operations.

3.      Prior to my employment with the DEA, I worked as a Uniformed Officer, Narcotics Detective, and Sergeant with the Michigan State Police from October 2012 to August 2021. Throughout my employment with Michigan State Police, I received numerous training courses focusing on narcotics investigations and narcotics identification. I obtained training through the DEA on clandestine manufacturing of methamphetamine, fentanyl, 4-Methylenediozymethamphetamine (MDMA), Phenyl cyclohexyl piperidine (PCP), and marijuana extractions.

4.      During the course of my law enforcement career, I have been involved in investigations of numerous criminal offenses, including the offenses involved in the

Complaint - 2
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

current investigation. I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, to include drug trafficking organizations linked to Mexico-based organizations. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These investigations have included use of the following investigative techniques: confidential informants; undercover agents; analysis of pen register and toll records; physical and electronic surveillance; wiretaps; and the execution of search warrants. I have also interviewed defendants at the time of their arrests and have debriefed, spoken with, or interviewed numerous drug dealers or confidential sources (informants) at proffer interviews who were experienced in speaking in coded conversations over the telephone. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of cellular telephones and other electronic devices to facilitate communications while avoiding law enforcement scrutiny.

5.    I have authored, planned, and participated in the execution of search warrants authorizing the search of locations associated with drug traffickers and their co-conspirators, such as residences, businesses, storage facilities, and vehicles. Additionally, I have authored and supervised the execution of dozens of tracking warrants, including multiple state and federal tracking warrant affidavits for vehicles and cellular telephones. I have testified at grand jury proceedings and written reports in the course of investigations. These investigations have resulted in numerous state and federal prosecutions of individuals who have possessed, imported, or distributed controlled substances, including methamphetamine, heroin, cocaine, and fentanyl, as well as the seizure of those illegal drugs and the proceeds from their sale.

Complaint - 3
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

6.      The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the requested criminal Complaint, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## THE INVESTIGATION

6.      In January 2025, based on information from a DEA confidential source (the CS),[1] the DEA began an investigation into an individual known to the CS as "Noe Ziranda," whom I later identified as Noe ZIRANDA-BARRIGA. I obtained Washington Department of Licensing records for ZIRANDA-BARRIGA, which indicated that he resided in Shelton, Washington. I also obtained criminal history information for ZIRANDA-BARRIGA and learned that he had been convicted of delivery/manufacture/possession with intent to distribute a controlled substance in 2012 in Grays Harbor County.

7.      Agents initiated an investigation into Noe ZIRANDA-BARRIGA. In March 2025, as part of this investigation, agents intercepted a parcel which was later found to contain methamphetamine. The delivery of this parcel was orchestrated by

---

[1] The CS has been providing information and assistance to the DEA since 2015. The CS has a criminal history consisting of one felony burglary conviction from 2012 and two felony drug trafficking arrests, where no charges were filed. The CS is currently providing information and assistance to the DEA in exchange for monetary compensation and immigration benefits. Since 2015, the CS has provided reliable information and assistance to the DEA in numerous drug trafficking investigations. The CS has conducted more than 20 controlled drug purchases and provided information that was proven reliable and led to the arrest and convictions of numerous drug traffickers. The CS is familiar with the appearance of methamphetamine, cocaine, and heroin, and the way they are packaged, transported, and sold. Investigations that the CS has participated in have resulted in seizures of hundreds of pounds of methamphetamine, thousands of fentanyl pills, kilograms of heroin, and hundreds of firearms.

Complaint - 4
*United States v. NOE ZIRANDA-BARRIGA
and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

ZIRANDA-BARRIGA, and he later received payment for the methamphetamine from the CS. As agents continued the investigation, ZIRANDA-BARRIGA and the CS had several meetings about future drug orders.

8.     During a debriefing of the CS on April 21, 2025, the CS advised that "Noe" (ZIRANDA-BARRIGA) had recently mentioned to the CS that he has a cousin in Tijuana, Mexico, who would be willing to send approximately 25 kilograms of methamphetamine to ZIRANDA-BARRIGA for the CS. The CS also mentioned that "Noe" advised that he wanted to do the deal at his residence and indicated to the CS that he (ZIRANDA-BARRIGA) has firearms at the residence. The CS explained that ZIRANDA-BARRIGA sent him an address of 110 Pacific Ct, Shelton, WA.

**Intelligence obtained on ZIRANDA-BARRIGA**

9.     On April 25, 2025, I was contacted by the CS about a recent meeting with ZIRANDA-BARRIGA. The CS explained that on April 21, 2025, the CS had traveled to ZIRANDA-BARRIGA's residence at 110 Pacific Ct, Shelton, WA, and advised that while at this location, ZIRANDA-BARRIGA attempted to sell the CS a 9mm pistol. The CS further explained that ZIRANDA-BARRIGA only showed the CS this one firearm, but in previous conversations, ZIRANDA-BARRIGA mentioned having several firearms.

10.     The CS explained that the meeting with ZIRANDA-BARRIGA, was in the garage of 110 Pacific Ct, Shelton, WA. The CS advised that when ZIRANDA-BARRIGA went to obtain the 9mm pistol, ZIRANDA-BARRIGA went into the lower area of the residence from the garage.

**Meeting with ZIRANDA-BARRIGA on May 16, 2025**

10.     On May 16, 2025, the CS had a meeting with ZIRANDA-BARRIGA in Lacey, WA. During this meeting, ZIRANDA-BARRIGA called an unknown Hispanic male (UHM) from Modesto, CA and put the UHM on speaker phone so ZIRANDA-BARRIGA, the CS, and the UHM could all speak to one another. This UHM agreed to have an unknown female transport approximately 53 pounds of methamphetamine to

Complaint - 5
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Western Washington. The UHM, ZIRANDA-BARRIGA, and the CS agreed to conduct the purchase/delivery on May 18, 2025.

**Authorization of Federal Search Warrant**

11.     On May 18, 2025, United Stated Magistrate Judge Brian A. Tsuchida authorized a search warrant for 110 Pacific Ct, Shelton, WA, a grey Ford Fusion, a black Dodge Challenger, and for the person of ZIRANDA-BARRIGA.

**Controlled Buy at 110 Pacific Ct, Shelton, WA**

11.     On May 18, 2025, utilizing the CS, investigators planned a controlled buy from ZIRANDA-BARRIGA for a sample of one pound of the methamphetamine to confirm the quality of the large quantity of methamphetamine that the CS had ordered.

12.     At approximately 2:09 p.m., the CS contacted ZIRANDA-BARRIGA. During this conversation, ZIRANDA-BARRIGA advised that the drug distributor was almost at this residence. ZIRANDA-BARRIGA also mentioned that he had his pistol in the garage already.

13.     At approximately 3:00 p.m., the CS and the CS' vehicle were searched for any drugs, contraband, and/or money. The agents did not locate anything. The CS was equipped with an audio/video recording device that allowed agents to monitor audio during the controlled buy.

14.     At approximately 3:23 p.m., the CS was followed to 110 Pacific Ct, Shelton, WA. The CS was observed entering the garage area of the residence, with ZIRANDA-BARRIGA, an unknown female, and an unknown male (later identified as Ramon AGUILERA-AMBRIZ).

15.     Based information later learned from a debrief of the CS and from what agents overheard during the interaction, while in the garage, the female removed a package of suspected methamphetamine from her purse and gave it to the CS. The CS then gave the female $1,150 in prerecorded U.S. currency. During the controlled buy, AGUILERA-AMBRIZ offered the CS cocaine.

Complaint - 6
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

16. Following the controlled buy, agents followed the CS directly from 110 Pacific Ct, Shelton, WA to a prearranged meeting location. Agents obtained approximately a pound of methamphetamine (which later field-tested positive for methamphetamine). The CS was not found to be in possession of any other contraband.

**Surveillance Following Controlled Buy**

17. At approximately 3:30 p.m., surveillance observed both AGUILERA-AMBRIZ and the female enter a 2024 Chevrolet Equinox and leave 110 Pacific Ct, Shelton, WA. Surveillance subsequently followed them to the Super 8 Motel at 2943 Northview Cir, Shelton, WA. Surveillance observed both exit the vehicle and enter the Super 8 Motel.

18. At approximately 3:41 p.m., agents instructed the CS to contact ZIRANDA-BARRIGA and advise that the wanted to purchase the remaining order of methamphetamine.

19. At approximately 3:42 p.m., surveillance observed ZIRANDA-BARRIGA exit his residence and open the trunk of a gray Ford Fusion located on the front lawn.

20. At approximately 3:56 p.m. surveillance observed AGUILERA-AMBRIZ exiting the Super 8 Motel with a pink and blue suitcase. AGUILERA-AMBRIZ then placed the suitcase into the Chevrolet Equinox. Shortly after, the female also exited the Super 8 Motel. AGUILERA-AMBRIZ and the female then left the area in the Chevrolet Equinox and drove directly to 110 Pacific Ct, Shelton, WA. The female backed the vehicle into the driveway of 110 Pacific Ct, Shelton, WA.

21. Surveillance observed AGUILERA-AMBRIZ and the female exit the vehicle and walk toward the garage where ZIRANDA-BARRIGA was.

**Search Warrant at 110 Pacific Ct**

22. At approximately 4:30 p.m., investigators executed the federal search

Complaint - 7
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

warrant at the residence. During the initial approach, AGUILERA-AMBRIZ[2] was found standing in the driveway of the residence. ZIRANDA-BARRIGA was observed near the open garage door, and the female was in the rear trunk area of the Chevrolet Equinox with the trunk open. All three were taken into custody. AGUILERA-AMBRIZ was found to have a small amount of white powder wrapped in a dollar bill, suspected to be cocaine in a pants pocket.

23.    During a search of the garage, investigators found a blue and pink suitcase (the same suitcase that AGUILERA-AMBRIZ was observed leaving the motel with) containing approximately 50 individually wrapped packages, all suspected of containing crystal methamphetamine. One of the packages later field-tested positive for methamphetamine.

24.    Additionally, during a search of the residence, investigators located a Remington Model 581 .22 short caliber rifle, bearing serial number 19220, along with .22 short caliber ammunition. This firearm was found in the northwest bedroom closet, next to a wallet with ZIRANDA-BARRIGA's Washington Driver's License. Investigators also found a Ruger P85 9mm pistol, bearing serial number 301-83603, and two magazines (one loaded), in the back passenger side floor area of the grey Ford Fusion. This was the same vehicle ZIRANDA-BARRIGA was observed interacting with during surveillance. The keys to the Ford Fusion were found on ZIRANDA-BARRIGA's person.

### Interview with ZIRANDA-BARRIGA

25.    ZIRANDA-BARRIGA was read his Miranda rights verbatim from a DEA-13A by Immigration Customs and Enforcement (ICE) Agent DeCastro (a Spanish-speaking agents). ZIRANDA-BARRIGA agreed to speak with agents. When agents

---

[2] During AGUILERA-AMBRIZ's arrest, he was found in possession of a Mexican Voter ID with name "Ruben Miranda Garcia", which matched the male agents had in custody. When AGUILERA-AMBRIZ was taken to the local ICE detention center in and fingerprinted, it was found that he was previously linked to the name of "Ramon AGUILERA-AMBRIZ".

Complaint - 8
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

asked ZIRANDA-BARRIGA about firearms at the residence, he stated, "there are no pistols there." ZIRANDA-BARRIGA was then asked about the rifles in his bedroom closet, and ZIRANDA-BARRIGA advised that they were just BB guns. When asked about the drugs at the residence, ZIRANDA-BARRIGA stated, "you already know everything about that."

### Search of ZIRANDA-BARRIGA's cellular phone

26.     During a search of ZIRANDA-BARRIGA's cellular phone, pursuant to the federal search warrant, agents observed photographs of the same Ruger 9mm pistol. I observed that the Ruger in the photograph bore serial number "301-83603," which matched the pistol located in the Ford Fusion. Additionally, in another photograph of the same pistol, I observed that it was displayed with two magazines (one silver and one black) that also matched the magazines that were stored next to the pistol.

### CONCLUSION

27.     Based on the above facts, I believe probable cause exists to believe that Noe ZIRANDA-BARRIGA and Ramon AGUILERA-AMBRIZ knowingly conspired to distribute methamphetamine, a controlled substance under Schedule 1, Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

DANIEL RICHTER, Complainant
Special Agent, Drug Enforcement
Administration

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

Dated this ___2/5ᵗʰ___ day of May 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

Complaint - 9
*United States v. NOE ZIRANDA-BARRIGA*
*and RAMON AGUILERA-AMBRIZ*
USAO #2025R00406

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800